Hon. David N. Hilgendorff Corporation Counsel, Long Beach
This is in response to your recent letter wherein you ask our opinion as to whether a municipality may prohibit all door-to-door solicitation by charitable, civic and religious not-for-profit corporations. You also ask us whether a municipality may require a not-for-profit corporation to obtain a license to be granted by a clerk of the municipality at his/her discretion.
You thereafter ask us whether the municipality may impose certain restrictions on the said not-for-profit corporations such as fingerprinting and photographing of all solicitors; mandating residency requirement for solicitors; whether a license fee or bond may be required prior to solicitation; and whether prior permission from the occupant must be obtained as a condition precedent to visiting any residence.
Your letter deals with charitable and non-business corporations and not with peddlers or hawkers or others engaged in commercial ventures for profit.
Local governmental units are granted the power to adopt and amend local laws not inconsistent with the provisions of the Constitution or any general law of state-wide application (Municipal Home Rule Law, § 10
[b]).
Although a municipality may enact regulations in the interest of the public safety, health, welfare or convenience, these may not abridge the individual liberties secured by the Constitution to those who wish to speak, write, print, circulate information or solicit (Schneider v State,308 U.S. 147 [1939]). The Supreme Court has long held that the freedom of speech, press and religion are fundamental personal rights and liberties (Lobell v City of Griffin, 303 U.S. 444 [1938]).
The United States Supreme Court has consistently held that any municipal law which prohibits door-to-door solicitation for charitable, civic or religious purposes, or conditions such solicitation upon the prior approval of a public official, is unconstitutional as violative of theFirst Amendment. (Schneider v State, supra; Lovell v City of Griffin,supra; Cantwell v Connecticut, 310 U.S. 296 [1940]; Staub v City ofBaxley, 355 U.S. 313 [1958] and Martin v Struthers, 319 U.S. 141
[1943].)
The Supreme Court in Schneider v State, supra, declared at 308 U.S. 164
that a burdensome and inquisitional examination of solicitors, including photographing and fingerprinting, would have a chilling effect on constitutional rights. (See, Hynes v Mayor of Oradell, 425 U.S. 610
[1976].)
A municipality may also not restrict soliciting to persons who are residents of the municipality only (Orange County Theatres, Inc. v Cityof Newburgh, 254 App. Div. 905 [2d Dept, 1938], affd 280 N.Y. 558).
In Follet v McCormick, 321 U.S. 573 (1944), an ordinance requiring a fee of $1.00 per day or $15.00 per year was declared unconstitutional as applied to a religious vendor (see, also Murdock v Pennsylvania,319 U.S. 105 [1943]).
It is unclear in your inquiry as to exactly what is meant by prior permission from the occupant as a condition precedent to solicitation. It is noted, however, that the United States Supreme Court cases herein have discussed that solicitors are not immune from any penal statutes such as trespass, harassment, fraud, etc. These sections should be consulted in order to determine their applicability to solicitors and whether homeowners would have any remedies against solicitors who unlawfully enter their premises or remain on premises after due notice to vacate.
Accordingly, we conclude as follows:
1. A municipality may not prohibit all door-to-door solicitations by not-for-profit charitable and religious corporations;
2. A municipality may not require said charitable or religious corporation to obtain a municipal license to be granted at the sole discretion of a clerk of the municipality;
3. A municipality may not impose a municipal residence requirement on the solicitors, nor may the municipality require fingerprinting or photographing of said solicitors; and
4. A municipality may not impose a flat license tax or any tax, fee or levy that would restrain the exercise of First Amendment rights as guaranteed by the United States Constitution.